IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:17-cv-02530-KLM

KAABOOWORKS SERVICES, LLC,

    Plaintiff,

v.

BRIAN PILSL,

    Defendant.

---

## ~~PROPOSED~~ PROTECTIVE ORDER

    To expedite the flow of discovery material, to facilitate the prompt resolution of discovery disputes, and to protect the confidentiality of documents produced or information disclosed, the production of which could harm a party's competitive standing, privilege, or confidentiality interests, all of the parties, through their respective counsel, have agreed to certain confidentiality terms. The Court therefore ORDERS as follows:

    1.    The parties and their legal counsel will follow the procedures set forth in this Protective Order with respect to production and disclosure of information, documents, or things in this litigation. The parties and their legal counsel shall also comply with D.C.Colo.LCivR 7.2 with respect to any information to be submitted to the Court under restriction based upon the Protective Order.

    2.    As used in this Protective Order, these terms have the following meanings:

        a. "Action" means the case styled *KAABOOWorks Services, LLC v Brian Pilsl*, Case No. 1:17-cv-02530, in the United States District Court for the District of Colorado.

        b. "Attorney" means in-house and outside counsel of record representing and/or advising a Party in the action.

    c. "Documents" are all materials within the scope of Fed. R. Civ. P. 34.

    d. "Confidential" (Level 1) documents means documents designated pursuant to the terms contained below.

    e. "Highly Confidential" (Level 2) documents means documents designated pursuant to the terms contained below.

    f. "Party" or "Parties" mean the Plaintiff and the Defendant in this action.

    g. "Written Notification" and/or "Notice to Counsel" as required under the terms of this Protective Order shall, with respect to Plaintiff, require that such notice be delivered to: Jon J. Olafson, Lewis Brisbois Bisgaard & Smith, LLP, 1700 Lincoln Street, Suite 4000, Denver, CO 80203, jon.olafson@lewisbrisbois.com, or Ian R. Rainey, Lewis Brisbois Bisgaard & Smith, LLP, 1700 Lincoln Street, Suite 4000, Denver, Colorado 80203, ian.rainey@lewisbrisbois.com; and with respect to Defendant, Daniel William Anderson, Anderson Law Group, 13577 Feather Sound Drive, Suite 500, Clearwater, FL 33762, danderson@floridalawpartners.com.

    h. "Written Assurance" means an executed Document in the form attached hereto as <u>Exhibit A</u>.

3.     A Party may designate information whether oral, written, paper, or electronic form, disclosed in this Action through discovery pursuant to the Federal Rules of Civil Procedure, as "Confidential" to protect information within the scope of Fed. R. Civ. P. 26(c)(1)(G) where the designating Party, in good faith, believes the Document contains confidential, proprietary, or commercially sensitive information that must be shielded by the Court from public access. Information shall not be designated Confidential where it shows, on its face, to have been disseminated to the public. For Documents, information shall be designated as Confidential at or

prior to the time of production of the Documents by stamping or otherwise marking the documents as Confidential on each page to be deemed Confidential. A party may designate information produced in an electronic format as Confidential by placing a confidentiality marking on the disk or device on which the documents are produced. Information, material, or documents may include "originals" or "duplicates" of any "writings and recordings" or "photographs" as defined in Fed. R. Evid. 1001, and may include any computer hard drives, portable hard drives, electronically stored information ("ESI"), facts information, or things requested or necessary for production under the Federal Rules of Civil Procedure during discovery and litigation of the Action.

    a. **Prior to designating any document or information as Confidential, counsel of record for a party must review the document and/or information, to certify, in good faith, that such document and/or information implicates common law or statutory privacy and/or confidentiality issues to warrant designation.**

    b. To designate a portion of a deposition transcript as Confidential or Highly Confidential, a Designating Party may either make a statement on the record to that effect or must, within thirty days after the deposition transcript is delivered to the Designating Party, provide to all counsel written notice identifying the specific pages of the deposition transcript that counsel for the Designating Party in good faith believes to contain Confidential Information or Highly Confidential Information. All deposition transcripts shall be treated as Confidential or Highly Confidential Information until the expiration of the thirty-day period. The portions so designated shall not be utilized or disclosed by another party, its agents, or its employees, except in compliance with the terms of this Protective Order. All parties shall mark their

copies of the transcript by stamping the word "CONFIDENTIAL" upon every page so designated.

    c. If any document containing Confidential or Highly Confidential Information produced in this litigation is to be filed as an exhibit to any court record or pleading, or otherwise placed among papers filed with the Court in this litigation, the party filing the material shall submit the document containing Confidential Information pursuant to D.C.Colo.LCivR 7.2 in a sealed envelope bearing the caption of the case and the legend, "Filed Under Seal Subject to Protective Order" and follow all necessary e-filing instructions for filing under seal, if applicable.

    4. A Party may designate information whether oral, written, paper, or electronic form, disclosed in this Action through discovery pursuant to the Federal Rules of Civil Procedure, as "Highly Confidential" to protect information within the scope of Fed. R. Civ. P. 26(c)(1)(G) where the designating Party, in good faith, believes the Document contains highly confidential, proprietary, or commercially sensitive information that must be shielded by the Court from public access **and** subject to agreed-upon restrictions on access, even as to the Parties and/or their attorneys. Information shall not be designated as Highly Confidential where it shows, on its face, to have been disseminated to the public or in violation of the previously agreed-upon restrictions to access. For Documents, information shall be designated as Highly Confidential at, or prior to, the time of production of the Documents by stamping or otherwise marking the documents as Highly Confidential on each page to be deemed Highly Confidential. A party may designate information produced in an electronic format as Highly Confidential by placing a confidentiality marking on the disk or device on which the documents are produced.

  a. **Prior to designating any document or information as Highly Confidential, counsel of record for a party must review the document and/or information, to certify, in good faith, that such document and/or information implicates common law or statutory privacy and/or confidentiality issues to warrant designation.**

  5. A Party receiving information designated Confidential or Highly Confidential may object to that designation and request the removal of such designation as outlined under the procedures set forth in this Protective Order.

  6. All Confidential or Highly Confidential information shall be used solely for the purpose of this Action and no other separate proceeding of any kind, except that the same documents may be used, to the extent the same documents are relevant and admissible under the Federal Rules of Civil Procedure and the Federal Rules of Evidence, in the United States District Court for the Middle District of Florida, Case No. 8:17-cv-02491-MSS-ASS, styled as KAABOOWorks Services, LLC v. Sarah Pilsl, subject to the restrictions contained in this Confidentiality Agreement and any restrictions or limitations that may be imposed by the United States District Court for the Middle District of Florida in that matter. No Party receiving such information shall, directly or indirectly, use, transfer, disclose, publicize, promote, or communication in any way the information, including Documents or their contents, to any person other than those specified in this Confidentiality Agreement. Any other use or disclosure is strictly prohibited.

  7. Access to any Confidential information (Level 1 pursuant to D.C.Colo.LCivR 7.2(b)) shall be limited to:

  a. The Court and its staff;

b. A court of competent jurisdiction in a proceeding by a Party made in connection with this Action (e.g., a subpoena made to obtain Documents for use in this Action), provided that the Party disclosing the Documents designated Confidential or Highly Confidential submit them under seal;

c. The named Parties in the Action (including officers, directors, employees, and agents of the named Parties who are assisting in the litigation);

d. The Attorneys and their law firms, including support staff;

e. The author, recipient, or custodian of the Document;

f. Any person from whom noticed testimony is, or will be, taken at deposition or trial (and their counsel) to the extent reasonably necessary in connection with their testimony, provided that such person has executed the Written Assurance to being presented such information;

g. Any person who the Attorneys believe may be a potential witness in this Action who has executed the Written Assurance, provided that no such Documents may be left in the possession of a potential witness, unless or until the potential witness's executed Written Assurance is provided to the producing Party;

h. Professional vendors (including outside information technology, photocopying, data processing, graphic production, document management, investigators, and litigation support employed by the Parties or their Attorneys to assist in this action), court reporters and videographers, messengers, and other providers of clerical services;

i. Outside independent persons (i.e., persons not currently employed by, consulting with, or otherwise associated with any party) who are retained by a Party or its

    Attorneys to furnish technical or expert services, and/or to give expert testimony in this action, who have executed the Written Assurance; and

  j. Special masters, mediators, or other third parties retained by the parties for settlement purposes or resolution of discovery disputes.

 8. Access to any Highly Confidential information (Level 2 pursuant to D.C.Colo.LCivR 7.2(b)) shall be limited to:

  a. The Court and its staff;

  b. The filing party and their law firms, including support staff;

  c. The author, recipient, or custodian of the Document;

  d. Professional vendors (including outside information technology, photocopying, data processing, graphic production, document management, investigators, and litigation support employed by the filing parties or their Attorneys to assist in this action), court reporters and videographers, messengers, and other providers of clerical services;

  e. Outside independent persons (i.e., persons not currently employed by, consulting with, or otherwise associated with any party) who are retained by the filing party or its Attorneys to furnish technical or expert services, and/or to give expert testimony in this action, who have executed the Written Assurance; and

  f. Special masters, mediators, or other third parties retained by the filing party for settlement purposes or resolution of discovery disputes, upon approval and consent by the filing party and upon execution of the Written Assurance.

 9. Attorneys to the Party that provides Confidential or Highly Confidential information to such persons listed above for which a Written Assurance must be executed (i.e., ¶¶ 5(g)(i)) shall

maintain the Written Assurance in its files for sixty (60) days following the termination of this litigation, including any appeals.

10. With respect to each person to be designated pursuant to paragraph 6(i) and/or 7(f), the designating Party's Attorneys shall notify Attorneys for the other Party(ies) at least seven (7) days prior to disclosure to any such person. Such notice shall provide a reasonable description of the outside independent person, consultant, or expert to whom disclosure is sought sufficient to permit objection to be made. If a Party objects in writing to such disclosure within seven (7) days after receipt of notice, no disclosure shall be made until the Party seeking disclosure obtains the prior approval of the Court of the objecting Party.

11. Any Party who inadvertently fails to identify Documents as Confidential or Highly Confidential shall, within fourteen (14) days from the discovery of its oversight, provide written notice of the error to the Receiving Party. The designating Party shall substitute appropriately-designated Documents at the time it provides written notice. Any Party receiving those Documents, upon receipt of the substitute Documents, shall return or destroy the improperly-designated Documents.

12. If a Party files with the Court a Document containing Confidential or Highly Confidential information, it shall do so in compliance with the requirements of D.C.COLO.L.Civ.R 7.2 and the Electronic Case Filing Procedures for the District of Colorado, as they pertain to filing documents under seal. Filing under seal shall be without prejudice to any Party's right to argue to the Court that such document is not confidential and need not be preserved under seal. Nothing in this Order may be construed as a ruling to restrict any document and/or information.

13. Any Party may challenge the designation of any information designated as Confidential or Highly Confidential. Any such document shall be treated as originally designated

while the Parties confer and, if applicable, until the Court's decision on the proper designation. If the requested change in designation is not agreed to, the Party requesting the change may move the Court to have the designation removed or reduced. The moving Party must provide notice to any non-party whose designation of produced documents as Confidential or Highly Confidential in the Action may be affected. The Party asserting that the Document or category of Documents is Confidential or Highly Confidential shall have the ultimate burden of proving that the information in question is within the scope of protection afforded by Fed. R. Civ. P. 26(c).

[Handwritten annotation: All motions relating to confidentiality designations shall be made in accordance with MJ Mix's discovery procedures.]

14. If Documents or information subject to any legally cognizable privilege or evidentiary protection (including, but not limited to, the attorney-client privilege or the work-product doctrine) are inadvertently disclosed, such disclosure alone shall not constitute a waiver of any claim of privilege or protection for such Documents. Promptly upon discovery of such inadvertent disclosure, the disclosing Party shall advise the receiving Party, in writing, of the claim of privilege or immunity from discovery and the basis for it. Upon notice, the receiving Party shall immediately return or destroy the inadvertently produced documents or information, including all copies thereof. If the receiving Party disclosed or distributed the documents before being notified of the inadvertent disclosure, it must take reasonable steps to retrieve the inadvertently produced documents, including all copies, and return or destroy such copies. Upon request, the receiving Party shall provide written confirmation of its compliance with this paragraph 13.

15. If any Document is offered as an exhibit to dispositive motion papers, and the designating Party claims that the Document was inadvertently produced and is subject to the attorney-client privilege and/or work-product protection, or other immunity from disclosure, all Parties shall still comply with Fed R. Civ. P. 26 (b)(5)(B) and paragraph 13.

16.  Within sixty (60) days of the termination of this Action, including any appeals, each receiving Party shall either destroy or return to the producing Party all Documents designated as Confidential or Highly Confidential, and all copies of such Documents, and shall destroy all extracts and/or data taken from such documents. Each Party shall provide a certification as to such return or destruction within the sixty-day period. However, Attorneys shall be entitled to retain a set of all documents filed with the Court, any attorney-work product, transcripts or Court opinions and orders, and all correspondence generated in connection with the Action.

17.  Nothing in this Protective Order shall be construed to prevent either Party from seeking such further or additional provisions enhancing or limiting confidentiality in the merits-based Protective Order.

18.  No action taken in accordance with this Protective Order shall be construed as a waiver of any claim or defense in the Action, including for the challenging of jurisdiction, or of any position as to discoverability or admissibility of evidence.

19.  The obligations imposed by this Protective Order shall survive the termination of this Action. Within sixty (60) days following the expiration of the last period for appeal from any order issued in connection with this Action, the Parties shall remove all materials designated "Confidential" or "Highly Confidential" from the office of the Clerk of the Court. Following that sixty-day period, the Clerk of the Court shall destroy all such materials.

ENTERED this 15'th day of December, 2017

_____
Kristen L. Mix, United States Magistrate Judge