IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-02530-KLM

KAABOOWORKS SERVICES, LLC,

    Plaintiff,

v.

BRIAN PILSL,

    Defendant.
_____

## MINUTE ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Defendant's **Unopposed Motion to Restrict Public Access to Motion to Dismiss and Exhibits Thereto** [#18] (the "Motion"). Defendant seeks leave to file as restricted his Motion to Dismiss, Defendant's Affidavit in Support of Motion to Dismiss, and Exhibits 1 through 4 to Defendant's Affidavit in Support of Motion to Dismiss, because "Plaintiff contends that information within the Defendant's Motion to Dismiss is of a confidential nature, and is subject to the Protective Order entered in this case on December 15, 2017." However, Defendant asserts that he himself "believes that the information being filed is of great public importance and should not be shielded from public view." Based on these representations, the Court ordered Plaintiff to file a Response [#24] to the Motion, which was timely done.

    D.C.COLO.LCivR 7.2(c) provides:

A motion to restrict public access shall be open to public inspection and shall:

(1) identify the document or the proceeding for which restriction is sought;

(2) address the interest to be protected and why such interest outweighs the presumption of public access (stipulations between the parties or stipulated protective orders with regard to discovery, alone, are insufficient to justify restriction);

(3) identify a clearly defined and serious injury that would result if access is not restricted;

>   (4) explain why no alternative to restriction is practicable or why only restriction will adequately protect the interest in question (e.g., redaction, summarization, restricted access to exhibits or portions of exhibits); and
>
>   (5) identify the level of restriction sought.

The Court first addresses Plaintiff's statement that it "wonders if [a motion to restrict] was even necessary given the entered Protective Order." *Response* [#24] at 2. The answer to Plaintiff's understated query is: Yes, a motion to restrict is indeed required according to the Local Rule 7.2(c)(2) which, as quoted above, provides that "stipulations between the parties or stipulated protective orders with regard to discovery, alone, are insufficient to justify restriction."

Although the Court explicitly directed Plaintiff "to address why, even if the subject information is deemed by the Court to be properly restricted material, redaction is not a more appropriate action than total restriction," *Minute Order* [#22], Plaintiff failed to do so. Thus, there has been no showing to "explain why no alternative to restriction is practicable or why only restriction will adequately protect the interest in question (e.g., redaction, summarization, restricted access to exhibits or portions of exhibits) . . . ." D.C.COLO.LCivR 7.2(c)(4). In the absence of any such argument, the Court finds that the presumption of public access to Court files is only partially outweighed by the parties' interest in privacy, and that, as outlined below, portions of the documents should be filed with redactions rather than complete restriction.[1]

IT IS HEREBY **ORDERED** that the Motion [#18] is **GRANTED** to the extent that the Clerk of Court shall maintain documents #19, #19-1, and #19-2 **UNDER RESTRICTION AT LEVEL ONE**.[2]

IT IS FURTHER **ORDERED** that, **no later than February 2, 2018**, Defendant shall file public versions of the following documents which redact **only** that information which is specifically subject to the Protective Order entered in this case on December 15, 2017:

(1) Defendant's Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(2) and (6) [#19].

(2) Affidavit in Support of Motion to Dismiss and Motion for Sanctions [#19-1] at 1-9. Pages 10-84 may remain restricted for the time being.

(3) Affidavit in Support of Motion to Dismiss and Motion for Sanctions [#19-2] at 1-9. Pages

---

[1] Nothing in this Minute Order is intended to prevent Defendant from later "challeng[ing] the protected nature of the information as provided for in the Protective Order." *Motion* [#18] at 2.

[2] Level 1, the least restrictive, limits access to the documents to the parties and the Court. *See* D.C.COLO.LCivR 7.2.

10-67 may remain restricted for the time being.

Dated: January 26, 2018