IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

KAABOOWORKS SERVICES, LLC,
      Plaintiff,

v.                               Case No.: 1:17-cv-02530-KLM

BRIAN PILSL,
      Defendant.
_____/

### DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS AND REQUEST FOR EVIDENTIARY HEARING

Defendant, Brian Pilsl, by and through undersigned counsel, hereby files his Reply to Plaintiff's Response to Defendant's Motion to Dismiss ("Reply"), together with supporting memorandum of law, and request for hearing, and as grounds therefor states:

**I.     Summary**

Plaintiff, KAABOOWorks Services, LLC ("Kaaboo") is a limited liability company, domiciled in the State of Delaware, and conducts business in the State of Colorado and the State of California. (DKT 1). Kaaboo focuses on organizing and managing a music festival in Del Mar, California. (DKT 1). Defendant, Brian Pilsl ("Mr. Pilsl") and his wife, Sarah Pilsl ("Mrs. Pilsl"), reside in Hillsborough County, Florida. (DKT 1).

Kaaboo sued Mr. Pilsl in the United States District Court, District of Colorado, alleging violation of the Colorado Trade Secrets Act (Count I), Defend Trade Secrets Act (Count II), and Conversion (Count III) (DKT 1).

Kaboo also sued Mrs. Pilsl in the United States District Court, Middle District of Florida, alleging violation of the Florida Uniform Trade Secrets Act (Count I), Defend Trade Secrets Act (Count II), Conversion (Count III), and Computer Fraud and Abuse Act (Count IV).

Mr. Pilsl was hired by Kaaboo as a high-level executive employee to oversee, manage and develop the Kaaboo Del Mar music festival in Del Mar, California.

In neither case can Kaaboo cite one instance where either Mr. or Mrs. Pilsl disseminated any purported confidential, proprietary or trade secret information.

## II.     Jurisdictional Standard of Review

A trial court may determine a Motion to Dismiss under 12 (b) (2) either by conducting a hearing or based upon documentary evidence.  Archangel Diamond Corp. :iquidating Trust v. Lukoil, 123 P.3d 1187, 1192 (Colo. 2005).  When jurisdiction is challenged, the plaintiff must make a *prima facie* showing of personal jurisdiction.  Id.

"A *prima facie* showing exists where the plaintiff raises a reasonable inference that the court has jurisdiction over the defendant."  Goettman v. Fork Valley Rest., 176 P.3d 60, 66 (Colo. 2007).  When determining on documentary evidence, the trial court may not resolve disputed issues of jurisdictional fact.  Goettman, 176 P.3d at 66.  "[T]he allegations in the complaint must be accepted as true to the extent they are not contradicted by the defendant's competent evidence, and where the parties' competent evidence presents conflicting facts, these discrepancies must be resolved in the plaintiff's favor."  Archangel, 123 P.3d at 1192.

Kaaboo is seeking jurisdiction in Colorado over a Florida resident, and therefore must satisfy both Colorado's long-arm statute and the constitutional requirements of due process.  Goettman, 176 P.3d at 66-67.  Colorado's long-arm statute extends jurisdiction to the maximum extent allowed by the due process requirements of the Constitution.  Scheuer v. Dist. Court, 684 P.2d 249, 250 (Colo. 1984).  Because the Colorado long-arm statute extends jurisdiction to the maximum extent allowed by the Due Process Clause, the due process inquiry is controlling.  New Frontier Media, Inc. v. Freeman, 85 P.3d 611, 613 (Colo. App. 2003).

Under the Due Process Clause of the Fourteenth Amendment, personal jurisdiction may not be asserted over a party unless that party has sufficient "minimum contacts" with the state, "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 (1984) (quoting International Shoe Co. v. Washington, 326 U.S. 310 (1945)).

To permit jurisdiction over a nonresident defendant, due process requires that the defendant have certain minimum contacts with the forum. Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). The quantity and nature of the minimum contacts required depends on whether the plaintiff alleges specific or general jurisdiction. Archangel, 123 P.3d at 1194.

Under specific jurisdiction, a defendant must do some act that represents an effort by the defendant to "purposely avail[ ] [him]self of the privilege of conducting activities within the forum State." Hanson v. Denckla, 357 U.S. 235, 253 (1958). A defendant does so when he purposely directs his foreign acts so that they have an effect in the forum state. Kennedy v. Freeman, 919 F.2d 126, 128 (10th Cir.1990).

Specific jurisdiction is properly exercised over a defendant where the injuries triggering litigation arise out of and are related to significant activities directed by the defendant toward the forum state. See Keefe v. Kirschenbaum & Kirschenbaum, P.C., 40 P.3d 1267, 1270 (Colo. 2002). "As such, the minimum contacts inquiry in regard to specific jurisdiction is essentially a two[-] part test assessing, (1) whether the defendant purposefully availed himself of the privilege of conducting business in the forum state, and (2) whether the litigation 'arises out of' the defendant's forum-related contacts." Archangel, 123 P.3d at 1194.

The contacts must be established by the defendant. See Day v. Snowmass Stables, Inc., 810 F.Supp. 289, 292 (D. Colo. 1993). "The unilateral activity of those who claim some

relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum state." Id. (quoting Hanson v. Denckla, 357 U.S. 235, 253 (1958)). The "purposeful availment" requirement precludes personal jurisdiction resulting from random, fortuitous, or attenuated contacts. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985).

The purposeful availment requirement serves two functions: first, identifying acts that a defendant would reasonably expect to subject him to jurisdiction in a particular forum, and second, ensuring that only the defendant's acts directed at the forum establish jurisdiction. Burger King v. Rudzewicz, 471 U.S. 462 (1985).

To establish general jurisdiction, a nonresident defendant may be subject to a state's jurisdiction even though the alleged injury is unrelated to the defendant's contacts with the forum state. If a defendant's contacts with a state are strong enough, the state may assert jurisdiction over a defendant on any matter, whether or not it arises out of the defendant's contacts with the state. See Perkins v. Benguet Consol. Mining Co., 342 U.S. 437, 446 (1952). General jurisdiction is appropriate only when a defendant has "continuous and systematic" contacts with the forum state, Helicopteros, 466 U.S. at 415, so that the defendant could reasonably anticipate being haled into court in that forum. See Burger King, 471 U.S. at 474 (citing World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980)).

For general jurisdiction, a defendant's contacts with a state must be greater than those required for specific jurisdiction. Doe v. National Medical Services, 974 F.2d 143, 146 (10th Cir.1992).

Once it is established that a nonresident defendant has the requisite minimum contacts, "these contacts may be considered in light of other factors to determine whether the assertion of

personal jurisdiction would comport with 'fair play and substantial justice,'" <u>Keefe</u>, 40 P.3d at 1271 (quoting <u>Burger King</u>, 471 U.S. at 476, 105 S.Ct. 2174), or rather, "whether jurisdiction over the nonresident defendant would be reasonable." <u>Youngquist Bros. Oil & Gas, Inc. v. Miner</u>, 2017 CO 11. These "fairness factors" include the burden on the defendant, the forum state's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and/or the shared interest of the several states in furthering fundamental substantive social policies. <u>World-Wide Volkswagen</u>, 444 U.S. at 292.

## III.   Argument

Kaaboo argues that Mr. Pilsl had sufficient minimum contacts with Colorado as established by Mr. Pilsl signing the KPRP agreement with a choice of law clause in Denver, Colorado. However, Kaaboo is not alleging breach of the KPRP agreement. If it had, then Kaaboo would have been required to comply with its mandatory dispute resolution clause to negotiate in good faith and mediate. In addition, Kaaboo claims that because it is headquartered in Colorado, Mr. Pilsl's communications with it rises to the level of sufficient minimum contacts. However, Kaaboo is domiciled in Delaware and Mr. Pilsl's project for which he was hired is in Del Mar, California. This is not a case where the employment engagement was targeting activities in Colorado, but rather focused on activities occurring in California through alleged conduct originating in Florida.

Additionally, in its Response, Kaaboo's Affiant, Shawnna Earnest, attests that Mr. Pilsl was required to sign a "Confidentiality & Inventions Assignment Agreement" (attached to Affidavit as Ex. A), which specifically provides for jurisdiction and venue in San Diego,

California, and also defines the "Company Group" and the "Company Group's Business" as follows:

> KAABOOWorks Services, LLC: a live-music and entertainment company focused on (1) music festivals, concerts and other live music events that (i) include five or more musical acts; and (ii) enjoy five thousand or more attendees; and (iii) are located within 500 miles of the <u>Del Mar Fairgrounds in Del Mar, California</u> or any other festival produced by KAABOO or any affiliate of KAABOO; and (2) music festivals of any genre similar in concept to the KAABOO Festivals located anywhere in the world.  For the avoidance of doubt, the concept for the KAABOO Festivals is a high-end music, culinary, and lifestyle festival targeted at an audience of 25 years to 60 years of age.

(Emphasis added).  Kaaboo's claim that Mr. Pilsl is "disingenuous … to feign surprise that his activities could result in a lawsuit in Colorado" is misplaced: Mr. Pilsl was hired to manage and develop the Del Mar California music festival event; the meetings in Colorado, telephonic or otherwise, were primarily focused on the Del Mar California music event; and even the "required" employment contract requires disputes to be resolved in San Diego, California.  So for Kaaboo to suggest that Mr. Pilsl had purposefully availed himself and had a reasonable expectation to be hailed into a Colorado court is disingenuous.  If anything, Mr. Pilsl had a reasonable expectation to be sued, if at all, in Hillsborough County, Florida (his residence), or perhaps, San Diego, California (the target of his employment relationship with Kaaboo), or even more remotely, Delaware (Kaaboo's domicile state).

Kaaboo argues that Mr. Pilsl had "continuous and systematic business conduct within Colorado.  Indeed, by accepting a senior management position with a company headquartered in Colorado" with its business contacts and relationship, and Mr. Pilsl purposefully availed himself to Colorado.  However, when viewed another way, Mr. Pilsl did not purposefully avail himself by accepting an employment position with a company domiciled in Delaware, headquartered in Colorado, with its primary business target in Del Mar, California, for which he could work from home in Florida.

In 2016, Kaaboo hired Mr. and Mrs. Pilsl to work on one specific agenda and project: the organization, management and development of the Kaaboo Del Mar music festival held annually in California.   (DKT 1).   Mr. and Mrs. Pilsl both worked from home on this project in Hillsborough County, Florida (DKT 1).

However, in an effort to mask its true intent, which is to financially destroy the Pilsls, Kaaboo relies on Mr. Pilsl's attendance to mandatory employee meetings in Colorado to support its position that Mr. Pilsl somehow availed himself to the Colorado forum.  (DKT 25).   Kaaboo also urges this Honorable Court to accept that Mr. Pilsl's emailing or telephoning people physically located in Colorado about and for an exclusively California project constitutes purposeful availment, continuous and systematic business conduct within Colorado.  (DKT 25).

It seems that Kaaboo would like for this Honorable Court to believe that it has no ulterior motive to sue Mr. Pilsl in Colorado, and Mrs. Pilsl in Florida, despite the fact that Mr. and Mrs. Pilsl worked from home in Florida and their sole employment project was primarily directed to the Del Mar music festival in California.  Mr. and Mrs. Pilsl are a married couple, working from home in Tampa, Florida. There is no legitimate basis for Kaaboo suing Mr. Pilsl in Colorado, and Mrs. Pilsl in Florida, other than to cause financial harm to them by having them fight Kaaboo both in their domicile state of Florida, and foreign forum in Colorado.  Moreover, there is no basis whatsoever for either lawsuit as Kaaboo fails to cite an instance of actual dissemination of Kaaboo's information, and no intent to assume the right of ownership over Kaaboo's purported property.

Mr. Pilsl's attendance to mandatory employee meetings, telephonic or otherwise, were not consistent, and/or were incidental to Mr. Pilsl's scope of employment, which was to organize and develop the Del Mar California music-festival event on behalf of Kaaboo.  Mr. Pilsl's

activities were not "targeting" Kaaboo in Colorado, but rather were focused on providing his unique, previously acquired skill set and contacts to develop the Del Mar, California event, and negotiate with sponsors.

In addition, the Pilsls have not misappropriated, used, or disclosed any trade secrets, documents, or other information belonging to Kaaboo, and the bare allegations in the Complaint are void of any factual support.  Simply, Kaaboo sued both Mr. and Mrs. Pilsl because Kaaboo and particularly its owner, Mr. Bryan Gordon, are concerned that the Pilsls have knowledge that, *if disclosed,* could prevent Mr. Gordon from obtaining financing for Kaaboo, which would likely jeopardize the relationship between Kaaboo and its vendors and ticket holders.  Kaaboo did not sue the Pilsls based upon any actual harm that Pilsls' have caused, but rather based on the fear that the Pilsls *might* disclose knowledge and information to third parties that would shed light on the nefarious underbelly of Kaaboo's tactics.

Undoubtedly, a lot of people are unable to afford the litigation expenses associated with one federal lawsuit, let alone a married couple facing two in different states.  As discussed above, it is the Pilsls' contention that Kaaboo is seeking to destroy them financially based upon their personal knowledge, experience and relationship with Kaaboo; yet, neither of them have divulged any qualified "protected" information to others, nor engaged in any improper conduct, intentional or otherwise.  This Honorable Court should ask the question posed above: why would Kaaboo sue Mr. Pilsl in Colorado and Mrs. Pilsl in Florida?  The answer is to silence and financially obliterate them, which offends the traditional notions of fair play and substantial justice.

Mr. Pilsl, alternatively, maintains that Kaaboo fails to state a cause of action, as outlined in the Motion to Dismiss, but is confined in limited purpose to first seek a judicial

determination of whether this Court has jurisdiction.

WHEREFORE, the Defendant prays this Honorable Court grant the Motion to Dismiss for lack of jurisdiction after determining that the Defendant either did not have sufficient minimum contacts with the forum state or that the maintenance of the suit offends the traditional notions of fair play and substantial justice given the extreme economic burden on the Defendant and his wife having to fight the Plaintiff in two states, the efficiency of resolving the controversy in the U.S. District Court, Middle District of Florida, and the minimal inconvenience on the Plaintiff, awarding Defendant the reasonable attorney's fees and costs incurred, and granting such other and further relief as this Honorable Court deems appropriate in the premises. Additionally, Defendant requests that the Court conduct an evidentiary hearing to determine whether the relief sought should be granted.

Dated February 9, 2018.

ANDERSON LAW GROUP

/s/ Daniel W. Anderson
Daniel W. Anderson
Florida Bar No.: 490873
13577 Feather Sound Drive, Suite 500
Clearwater, FL 33762
Tel: (727) 329-1999 / Facsimile: (727) 329-1499
E-mail: danderson@floridalawpartners.com
E-mail: eserve@floridalawpartners.com
Attorneys for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 9th day of February, 2018, I caused the foregoing to be electronically filed with the Clerk of the Court by using the CM/ECF system, which will provide electronic notice to all counsel of record:

Ian R. Rainey, Esq.
1700 Lincoln Street, Suite 4000

Denver, Colorado 80203
Ian.rainey@lewisbrisbois.com

Jon J. Olafson, Esq.
1700 Lincoln Street, Suite 4000
Denver, Colorado 80203 jon.olafson@lewisbrisbois.com

<u>/s/ Daniel W. Anderson</u>
Daniel W. Anderson, Esq.
Florida Bar No.: 490873