```
                                              FILED
                                         U.S. DISTRICT COURT
                                         DISTRICT OF COLORADO
```

UNITED STATES DISTRICT COURT  2018 OCT 15 AM 10:04
DISTRICT OF COLORADO
                                         JEFFREY P. COLWELL
                                               CLERK

Civil Action No. 1:17-cv-02530-CMA-KLM          BY_____DEP. CLK

**KAABOOWORKS SERVICES, LLC**
    Plaintiff

v.

**BRIAN PILSL**
    Defendant

---

### DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

---

Defendant, BRIAN PILSL, hereby opposes the Plaintiff's Motion for preliminary injunction and respectfully asks this honorable Court to deny this Motion. Defendant states in support as follows:

Kaaboo claims in this Motion that this lawsuit was initiated after discovering that I had retained its trade secrets and confidential information and was believed to be misappropriating them. Kaaboo initiated this lawsuit because I wouldn't capitulate and sign unfavorable non-compete documents. Additionally, over the course of a full year since I was terminated and this lawsuit was initiated, not one single piece of evidence has been produced to substantiate their claims. Kaaboo continues to proffer loads of unsubstantiated claims for which their "reasonable" conclusions are to be taken as fact rather than the obvious conjecture that they are.

Kaaboo claims in this Motion that because I may be providing competitive sales consulting services to other music festivals and that I may be performing the same duties I performed for kaaboo, *"all while still in possession of kaaboo's trade secrets and confidential information,"* is somehow solid grounds to grant the extraordinary relief of an injunction. There

is nothing sinister about working for a competitor and, contrary to Kaaboo's baseless claims, I do not have any purported Kaaboo trade secrets or confidential information in my possession or control.

Kaaboo claims in this Motion that I acknowledged in Dkt. No. 54, Exh. 1 ¶ 54 that I have in my possession confidential documents and information that I obtained through my employment with Kaaboo. I have reviewed the entire Dkt. No. 54 and in no place in that document do I acknowledge that I have in my possession confidential documents and information (other than what is in my head and cannot therefore be destroyed or returned).

Kaaboo claims in this Motion that during my employment with Kaaboo, I used an external hard drive in addition to my personal laptop and my personal cell phone. In support of this claim, Kaaboo points to Dkt. No. 74-6 ¶¶ 1-2. In Dkt. No. 74-6 ¶¶ 1-2, I stated, "The only devices I used while working for Kaaboo were: a) my personal cell phone device and, b) my personal laptop." I most clearly and unequivocally did not say that I used an external hard drive.

Kaaboo claims in this Motion that they asked me to sign a certification acknowledging that I had returned all Kaaboo property in my possession and that I "refused" to sign the certification. As they have shown a propensity to do throughout this entire litigation, Kaaboo is leaving out important contextual background and using the word "refused" for theatric effect.

The exit certification they asked me to sign was presented to me in a sneak attack with a bundle of onerous non-compete type documents. Saying that I had "refused" to sign the exit certification would assume that I had a legal obligation to sign it and would also paint the picture that Kaaboo's motives were pure. Unfortunately for Kaaboo, both of these assumptions are blatantly false.

Kaaboo claims in this Motion that my answers given to counsel's questions in a deposition in a separate lawsuit were "equivocal at best". I reviewed my answers on pages 248-260 and they are clear, concise and to the point. Most importantly, my answers are consistent and bolster my version of events.

Over and over again, Kaaboo has claimed that I have legal obligations detailed in their non-compete agreement, their inventions ownership agreement, their confidentiality agreement and their employee handbook even though I did not sign the documents. During my employment Kaaboo had negotiated portions of these documents with other employees. Bryan Gordon, CEO of Kaaboo agreed to negotiate these documents with me but after I did everything I was asked to do, Bryan Gordon never responded as agreed.

As a supervisor, I was asked to have my direct reports sign these documents. Unlike Bryan Gordon did with me, I did not use fraudulent promises, coercion and extortion to try to force the desired result. Each employee was free to (a) sign the document, or (b) try to negotiate it with Bryan Gordon, or (c) not sign it. To somehow extrapolate that I am legally bound by these documents that others signed seems farcical, especially when examined in the light of the documented behavior and actions of Bryan Gordon and Kaaboo.

Kaaboo claims in this Motion that they have made multiple unsuccessful attempts to secure and obtain its purported confidential information "retained" by me. I have been very clear and consistent that I do not have any such information. It would stand to reason that the continual filing of frivolous motions in this litigation to try to get me to produce documents that I do not possess is a continued waste of this Court's valuable time and a continual pattern of harassment.

Kaaboo claims in this Motion that I filed Affidavits (Dkt. No. 54, Exh 1 ¶¶ 54-56) stating that I had never been asked to return confidential documents by Kaaboo. I am failing to find this

in the document. Inconsistencies like this are the only thing that are actually consistent with Kaaboo. One begins to wonder if Kaaboo or their professional staff of litigants read the documents in this lawsuit or maybe they just don't expect that anyone else will.

Kaaboo claims in this Motion that it is alarming that I do not possess the phone I used while I was employed with Kaaboo, which "may have had key evidence...". My cell phone did not have evidence of misdeeds. Therefore, I don't believe it is alarming to upgrade my cell phone. Most people upgrade their cell phones every couple of years. When you upgrade a cell phone you turn it in and get a new one. This is a normal thing that normal people do.

Kaaboo claims in this Motion that I have been silent as to any other devices upon which I stored Kaaboo information such as an external hard drive. Just to refresh our memories so we can keep track of the inconsistencies...earlier in the Motion, Kaaboo claimed that Dkt. No. 74-6 ¶¶ 1-2 specifically mentioned an external hard drive. How can I have specified an external hard drive and have also been silent as to the use of an external hard drive at the same time? The answer is that I have not been silent as to any other devices. I stated very clearly and unequivocally that the only devices I used were my personal laptop and personal cell phone. The statement stands alone and clearly excludes any other type of storage device (other than my brain).

In this Motion, Kaaboo points to the Court's decisions in *Engility Corp v. Daniels, Statera, Inc. v. Henrickson and Xantrex Tech. Inc. v. Advanced Energy Indus. Inc.* In stark contrast to this case, the Plaintiffs in each of those cases had extensive experience in their industries (Kaaboo did not), the Defendants had signed documents with restrictive covenants (I did not sign these types of documents), there was strong physical evidence provided by the Plaintiffs (Kaaboo has only offered conjecture), the Plaintiffs provided specific details regarding

the trade secrets and confidential information that was converted (Kaaboo has only offered general categories of information and wants to be allowed to engage in a fishing expedition after the close of Discovery) and the Defendants conducted deliberate acts of deception prior to departing their former employers to engage in unfair competition (Kaaboo engaged in deliberate acts of deception prior to terminating me, not the other way around). I am respectfully submitting that this litigation does not resemble those cases whatsoever.

In some sort of supposed gotcha moment, Kaaboo supplies an Affidavit from Bryan Gordon pointing out that he witnessed me performing work for Hermosa Beach Summer Concerts. Hermosa Beach Summer Concerts is a free event to the public which does not sell tickets, does not sell food, does not sell beverages, does not sell merchandise, does not have comedy, does not have art displays and has only one small stage. By Kaaboo's own admission, Kaaboo sponsors the event.

To take it a step further, Bryan Gordon and Kaaboo allow their talent bookers to book the talent for Hermosa Beach Summer Concerts. Talent bookers are responsible for contracting the musical acts that will perform at a festival. Talent bookers use a combination of proprietary formulas, proprietary data, relationships and proprietary contract negotiations in order secure the best lineup at the least amount of budget possible. The lineup of musical performances is the single most important element of a successful music festival. If Bryan Gordon and Kaaboo were actually concerned about competition from Hermosa Beach Summer Concerts, they would not sponsor the event, let alone allow their talent bookers to secure the musical acts.

Hermosa Beach Summer Concerts has been a successful event for 10 years. This is long before Kaaboo came into existence. It does not pass the sniff test to say that somehow Hermosa

Beach Summer Concerts has been the beneficiary of some kind of unfair competition with Kaaboo.

Kaaboo also claims that it is reasonable to assume that I secured the work at Hermosa Beach Summer Concerts through my connections and contacts I obtained through Kaaboo as if this is to point to something sinister. Most normal people use networking to get a new job. After I was fired, I used my network to get a new job. I'm not sure how that is a cause for alarm.

The devious behavior of Bryan Gordon and Kaaboo throughout the entire process, from my first day of employment through the present day of this litigation, as well as the historical record of the actual chain of events and the Plaintiff's continued misrepresentations to this Court are well documented and can be shown in a clear and demonstrable manner at trial. In addition, Kaaboo has not offered a single shred of evidence that I have done anything in violation of CUTSA or DTSA. Therefore, it is hard to imagine how Kaaboo would be successful at trial or be able to demonstrate the threat of irreparable harm.

The fact is that this litigation has never been about Kaaboo trying to protect its information. Bryan Gordon used his tried-and-true methods of fraudulent promises followed by coercion to (a) try to extort unfavorable non-compete type agreements from me, (b) to shield his misrepresentations to the media and investors, and (c) to relieve himself of the obligation to pay my bonus compensation and ownership equity. When his unlawful efforts were unsuccessful, he graduated to using the Federal Court system as his personal schoolyard to continue bullying me.

Using skills and expertise I developed long before my employment with Kaaboo, I built a successful Business Development unit from scratch, generating millions of dollars in revenue and profit for Kaaboo. Kaaboo has suffered no harm. In fact, Kaaboo continues to profit substantially from my work product, told the media that the 2018 festival in Del Mar was a

sellout and has expansion events in Cayman Islands and Dallas debuting in 2019. Any information that I may have in my head is most definitely stale and poses no real or imagined threat to Kaaboo.

On the other hand, Kaaboo has inflicted irreparable harm to my financial health and to my reputation. They continue to drag me through the mud without a single shred of evidence and now ask this Court to continue the punishment by granting the extraordinary relief of injunction and an unconstitutional invasion of my personal laptop computer. Granting this extraordinary request to invade my privacy would allow the Plaintiff the ability to engage in a fishing expedition into my personal and private information with the goal of somehow concocting new causes of action as well as their hope of trying to learn of ways in which they can extort, harass and embarrass me.

Kaaboo should not be allowed to continue to waste the money of their investors on frivolous and vexatious litigations and should not be allowed to continue to waste the valuable time and resources of this Court.

For these reasons, I respectfully request that this Court deny the Plaintiff's Motion, be ordered to reimburse me for travel expenses necessary to attend the Preliminary Injunction Hearing set for 10/30/2018 in Denver, Colorado and award all such further and other relief that is just and adequate.

**Dated: October 15, 2018**

    **Respectfully Submitted,**
    **Brian Pilsl Defendant, pro se**

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of October, 2018, the foregoing DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION was filed with the Clerk of the Court, United States District Court, District of Colorado and a copy mailed to the individual listed below:

Jon Olafson
Lewis Brisbois
1700 Lincoln Street
Suite 4000
Denver, Colorado 80203

By: *Brian Pilal*

Defendant, pro se