IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-02530-CMA-KLM

KAABOOWORKS SERVICES, LLC,

    Plaintiff,

v.

BRIAN PILSL,

    Defendant.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Motion for Leave to Amend Complaint and to Amend Scheduling Order** [#71][1] (the "Motion"). Defendant, who proceeds as a pro se litigant,[2] filed a Response [#74] in opposition to the Motion [#71], and Plaintiff filed a Reply [#75]. The Court has reviewed the Motion, Response, Reply, the entire case file, and the applicable law, and is sufficiently advised in the premises. For the reasons set forth below, the Motion [#71] is **DENIED in part and GRANTED in part**.

**A.    Amendment of the Scheduling Order**

A Scheduling Conference in this matter was held on February 16, 2018. *See* [#45].

---

[1] "[#71]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

[2] The Court must construe liberally the filings of a pro se litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the pro se litigant's advocate, nor should the Court "construct a legal theory on [his] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). In addition, pro se litigants must follow the same procedural rules that govern other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

Plaintiff asks the Court to extend "all" of the case deadlines for unspecified periods of time to be determined at a new scheduling conference. *Motion* [#71] at 2, 12. To demonstrate good cause to amend Scheduling Order deadlines pursuant to Fed. R. Civ. P. 16(b)(4), the moving party must "show that it has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for any delay." *Strope v. Collins*, 315 F. App'x 57, 61 (10th Cir. 2009) (citation omitted); *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 n.4 (10th Cir. 2006) (explaining that lateness itself does not justify denial of a motion to amend, but "undue" lateness does). Defendant objects to any extensions, stating, in short, that Plaintiff has failed to provide good cause by failing to show it was diligent in attempting to meet the Scheduling Order deadlines. *Response* [#74]. As outlined below, the Court agrees.

Plaintiff timely filed a supplement to Section 5 of the Scheduling Order on February 23, 2018. *See* [#45, #49]. Plaintiff also timely filed the stipulated proposed 502(d) order on February 28, 2018. *See* [#45, #47]. The deadline for joinder of parties and amendment of pleadings was March 30, 2018. *See* [#45]. The Court addresses this deadline separately in connection with Plaintiff's request to amend the Complaint below.

The deadline by which to designate affirmative expert witnesses was May 15, 2018. *See* [#45]. Despite seeking an extension of "all" case management deadlines, Plaintiff does not otherwise mention this deadline in its briefs and provides no reason even arguably approaching good cause for an extension of this deadline.

The deadline by which to designate rebuttal expert witnesses was June 8, 2018. *See* [#45]. Again, despite seeking an extension of "all" case management deadlines, Plaintiff does not otherwise mention this deadline in its briefs and provides no reason even

arguably approaching good cause for an extension of this deadline.

The deadline to file a joint Status Report regarding settlement efforts was June 29, 2018. *See* [#45]. As Plaintiff admits, the Status Report was filed six days late. *See Reply* [#75] at 3; *Status Report* [#68]; *see also Note to Comply With Status Report Deadline* [#68] (outlining Defendant's unsuccessful efforts to confer with Plaintiff prior to the Status Report deadline).

The discovery deadline in this matter was June 15, 2018. *See* [#45]. Initial disclosures were exchanged by the parties on February 28, 2018. *Motion* [#71] at 6. Plaintiff propounded its first set of written discovery requests on April 4, 2018. *Motion* [#71] at 6. Defendant served his objections and responses to Plaintiff on April 12, 2018. *Motion* [#71] at 6. Plaintiff sent a letter to Defendant to attempt to resolve the objections on April 30, 2018. *Motion* [#71] at 6. Plaintiff states that resolution of the dispute is ongoing as of the date of the filing of the present Motion [#71], i.e., August 1, 2018, and there is no indication as of the Reply [#75] filed on September 4, 2018, that the issue has been resolved. However, no reasons are provided regarding (1) why an extension of the discovery deadline could not have been sought prior to the June 15, 2018 cut-off, (2) why a request for this extension was not made until 47 days after the deadline passed, or (3) why the purported discovery dispute (which still has not been formally brought to the Court's attention) was not addressed pursuant to the undersigned's discovery procedures prior to the discovery cut-off, especially when counsel was specifically warned at the Scheduling Conference that discovery motions not made by the discovery cut-off would be deemed untimely.

The dispositive motions deadline was July 20, 2018. *See* [#45]. No reasons are

provided regarding (1) why an extension of the dispositive motions deadline could not have been sought prior to July 20, 2018, or (2) why a request for this extension was not made until 12 days after the deadline passed.

Plaintiff avers that its "conduct shows it has engaged in discovery, but its efforts have been somewhat thwarted." *Motion* [#71] at 9. Plaintiff states that "[t]here is more discovery left to be completed, namely depositions, which can only be scheduled following receipt of complete discovery responses from Defendant." *Id.* Thus, Plaintiff concludes that "the operative case deadlines cannot be met," despite its diligence. *Id.* However, the record actually demonstrates a complete disregard for the Scheduling Order, not only ignoring Court-imposed deadlines, but not seeking extensions of those deadlines until long after they passed. The one discovery dispute on which Plaintiff hinges its argument began in April 2018 (long before the June 15, 2018 discovery cut-off) and still has not been properly brought to the Court's attention. Yet, the present request for deadline extensions was not made until August 1, 2018. On this record, the Court cannot find that Plaintiff has demonstrated good cause to amend Scheduling Order deadlines pursuant to Fed. R. Civ. P. 16(b)(4) because it has not provided an adequate explanation for the delay in order to show that it has been diligent in attempting to meet those deadlines. *See Strope*, 315 F. App'x at 61.

Accordingly, the Motion [#71] is **denied** to the extent Plaintiff seeks extension of the Scheduling Order deadlines other than the deadline for joinder of parties and amendment of pleadings, which the Court discusses below.

**B.     Amendment of the Complaint**

Plaintiff seeks leave to amend "only to bolster the factual allegations supporting

[Plaintiff's] claims under the [Colorado Trade Secrets Act] and [Defend Trade Secrets Act] and for conversion, and provide the requisite support necessary to justify [Plaintiff's] renewed request for unjust enrichment, compensatory, and exemplary damages under [the Colorado Trade Secrets Act]." *Motion* [#71] at 11.

1. **Rule 16(b)(4)**

As an initial matter, the deadline for joinder of parties and amendment of pleadings was March 30, 2018. *See* [#45]. The Motion [#71] was filed on August 1, 2018, and hence, was untimely. "After a scheduling order deadline, a party seeking leave to amend must demonstrate (1) good cause for seeking modification under Fed. R. Civ. P. 16(b)(4); and (2) satisfaction of the Rule 15(a) standard." *Birch v. Polaris Indus., Inc.*, 812 F.3d 1238, 1247 (10th Cir. 2015) (quoting *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014)) (internal quotations omitted); *see, e.g.*, *Williams-Berrien v. Wilson*, No. 15-cv-00948-REB-KLM, 2018 WL 3829955, at *2 (D. Colo. Aug. 13, 2018); *Petekewicz v. Stembel*, No. 13-cv-01865-RM-KLM, 2015 WL 1740386, at *4 (D. Colo. Apr. 14, 2015). If the movant meets the Rule 16(b)(4) good cause standard and the Rule 15(a) standard to amend the pleadings, the movant has met the requirements to amend the pleadings. *Birch*, 812 F.3d at 1247. However, if a plaintiff fails "to show good cause under Rule 16(b), there is no need for the Court to move on to the second step of the analysis, i.e., whether [a plaintiff has] satisfied the requirements of Rule 15(a)." *Carriker v. City & Cty. of Denver, Colo.*, No. 12-cv-02365-WJM-KLM, 2013 WL 2147542, at *2 (D. Colo. May 16, 2013) (citing *Nicastle v. Adams Cty. Sheriff's Office*, No. 10-cv-00816-REB-KMT, 2011 WL 1465586, at *3 (D. Colo. Mar. 14, 2011)).

The information on which Plaintiff primarily bases its request for amendment was

learned on May 31, 2018, during the deposition of Defendant in a separate lawsuit. *Motion* [#71] at 8-9 (stating that Plaintiff "did not learn that Defendant was still working as a sales consultant within the music industry or operating a new business until his deposition"); *see also Reply* [#75] at 3-4 (correcting the date of Defendant's deposition). Given that this information was discovered after the March 30, 2018 deadline for joinder of parties and amendment of pleadings passed, the Court finds that Plaintiff has provided good cause for extension of this deadline.

### 2.  Rule 15(a)

If a party has met the Rule 16(b)(4) good cause standard, the Court has discretion to grant a party leave to amend its pleadings pursuant to Rule 15(a). *See Foman v. Davis*, 371 U.S. 178, 182 (1962); Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."). "In the absence of any apparent or declared reason - such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. - the leave sought should, as the rules require, be 'freely given.'" *Id.* (quoting Fed. R. Civ. P. 15(a)(2)). Whether to grant leave to amend the pleadings pursuant to Rule 15(a) is within the court's wide discretion. *Rehberg v. City of Pueblo*, No. 10-cv-00261-LTB-KLM, 2011 WL 4102287, at *3 (D. Colo. Sept. 14, 2011) (citing *Minter*, 451 F.3d at 1204).

The purpose of Fed. R. Civ. P. 15(a) is to "provide litigants 'the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.'" *Warnick v. Cooley*, 895 F.3d 746, 754 (10th Cir. 2018) (citation omitted). A district court may deny leave to amend upon "a showing of undue delay, undue prejudice to the opposing party,

bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Id.* at 755 (citing *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993)).

Defendant opposes Plaintiff's proposed amendments primarily on the basis of undue delay. "Lateness does not of itself justify the denial of the amendment." *R.E.B. Inc. v. Ralston Purina Co.*, 525 F.2d 749, 751 (10th Cir. 1975). However, "an 'unexplained delay' may justify the court's discretionary decision to deny leave to amend." *Cardella v. Mountain Res., Inc.*, No. 2:07-CV-1003 BCW, 2009 WL 2436769, at *2 (D. Utah Aug. 4, 2009) (citing *Durham v. Xerox Corp.*, 18 F.3d 836, 840 (10th Cir. 1994)). The focus is "primarily on the reasons for the delay" when determining whether delay is undue. *Minter*, 451 F.3d at 1206. "[W]hen the party filing the motion has no adequate explanation for the delay," *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365-66 (10th Cir. 1993), "untimeliness alone is an adequate reason to refuse leave to amend." *Duncan v. Manager, Dep't of Safety*, 397 F.3d 1300, 1315 (10th Cir. 2005).

On June 14, 2018, the undersigned recommended dismissal without prejudice of Plaintiff's request for unjust enrichment, compensatory, and exemplary damages asserted in connection with its Colorado Trade Secrets Act claim. *Recommendation* [#65]. The District Judge adopted the Recommendation [#65] on July 5, 2018. *Order* [#69]. Plaintiff filed the present Motion [#71] less than four weeks later, on August 1, 2018, in part to "provide the requisite support necessary to justify [Plaintiff's] renewed request for unjust enrichment, compensatory, and exemplary damages under [the Colorado Trade Secrets Act]." *Motion* [#71] at 11. As noted, the information supporting the proposed amendment was primarily discovered on May 31, 2018, at Defendant's deposition in another matter.

Given the dismissal without prejudice of those damages on July 5, 2018, the Court finds that requesting amendment regarding those damages on August 1, 2018, does not constitute undue delay.

Based on these considerations, the Motion [#71] is **granted** to the extent Plaintiff seeks leave to amend the Complaint.

Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#71] is **DENIED in part and GRANTED in part**. The Motion is **denied** to the extent Plaintiff seeks extension of the Scheduling Order deadlines other than the deadline for joinder of parties and amendment of pleadings. The Motion is **granted** to the extent Plaintiff seeks leave to amend the Complaint.

IT IS FURTHER **ORDERED** that the Clerk of Court shall accept Plaintiff's Amended Complaint [#71-2] for filing.

IT IS FURTHER **ORDERED** that no additional amendments to the complaint shall be permitted.

Dated: October 19, 2018

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge