IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-02530-CMA-KLM

KAABOOWORKS SERVICES, LLC,

    Plaintiff,

v.

BRIAN PILSL,

    Defendant.

**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL**

**ENTERED BY KRISTEN L. MIX, UNITED STATES MAGISTRATE JUDGE.**

This matter is before the Court on Defendant's **Unopposed Motion for Appointment of Counsel** [#89][1] (the "Motion"). The Motion requests that the Court appoint counsel "for the purpose of limited representation to assist Defendant in preparation for the upcoming Preliminary Injunction Hearing as well as appearing at the Hearing." *Motion* [#89] at 2. The Court does not have the power to appoint an attorney without his or her consent, *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 310 (1989), nor does the Court have funds available to pay an attorney who agrees to represent an indigent litigant in a civil case. Nevertheless, the Court can seek volunteer counsel to represent a pro se party if the Court determines in its discretion that it is appropriate to do so. The Clerk of the Court maintains a list of pro se cases for which the Court is seeking

---

[1] "[#89]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

-1-

volunteer counsel. Placement on this list does not mean that a pro se party will automatically receive counsel. Rather, placement on the list results in representation being secured for the party only if an attorney <u>volunteers</u> to represent him. Because of the number of cases on the list and the shortage of volunteer attorneys, placement on the list frequently does not result in counsel being obtained. In such circumstances, despite placement of his case on the list, a pro se defendant remains responsible for litigating his case himself.

The Court will only seek volunteer counsel for a pro se defendant if consideration of the following factors so warrants: (1) the nature and complexity of the action; (2) the potential merit of the plaintiff's claims and the defendant's defenses; (3) the demonstrated inability of the pro se party to retain counsel by other means; and (4) the degree to which the interests of justice will be served by appointment of counsel, including the benefit the Court may derive from the assistance of the appointed counsel. *See also Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (citing *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991)). As part of the fourth factor, the Court also considers whether there exist any special circumstances such as those in *McCarthy v. Weinberg*, 753 F.2d 836, 837 (10th Cir. 1985), where the pro se party was confined to a wheelchair, had poor eyesight, suffered from a speech impediment and memory lapses, and had general difficulty in communications. *See Rucks*, 57 F.3d at 979.

In this case, Defendant has demonstrated his ability to frame facts and defenses. The legal issues presented are not overly complex, novel, or particularly difficult to state or analyze. Defendant has not provided specific information demonstrating that he has been unable to retain an attorney on his own due to financial or other reasons. Although

mindful of the difficulties faced by pro se parties, courts and legislating bodies have made a distinction between civil and criminal cases regarding the necessity of counsel. *See, e.g.*, *Mallard*, 490 U.S. at 301 (1989) ("Congress did not intend § 1915[(e) to license compulsory appointments of counsel . . . ."); *Custard v. Turner*, No. 06-cv-01036-WYD-CBS, 2008 WL 4838564, at *1 (D. Colo. Nov. 6, 2008) (noting that the court is without statutory authority to commit federal funds to "require counsel to represent" an indigent civil litigant).

The Court also notes that Defendant seeks limited representation for purposes of the preliminary injunction hearing set for October 30, 2018, and yet the present Motion was filed only on October 22, 2018, which, regardless, would not have been enough time for Defendant to be placed on the list for counsel, for counsel to be found, for counsel to enter an appearance on Defendant's behalf and to get "up to speed" on the case prior to the date of the hearing. Thus, although there are extraordinary circumstances where fundamental due process concerns may demand that a defendant be provided with counsel in a civil matter, the Court finds that this Defendant's particular circumstances, at present, do not merit the appointment of counsel in this case.

As a reminder, while the case is pending, it remains Defendant's legal obligation to comply with the Federal Rules of Civil Procedure, the Local Rules in this District, and all orders of this Court. *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992). The Court wishes to ensure that Defendant is aware that he may obtain *free* legal advice from the Colorado Federal Pro Se Clinic. Advice may consist of explanations of legal rights and procedures, assistance with drafting pleadings and discovery, and referrals to other resources in appropriate cases. Defendant should be aware that clinic staff will not appear

in court on behalf of any pro se litigant.  Defendant can contact the Colorado Federal Pro Se Clinic at **303-380-8786** to make an appointment to speak with a lawyer.  Plaintiff may also visit http://www.cobar.org/fpsc for additional information.

Accordingly, based on the foregoing and the entire record in this case, it is hereby **ORDERED** that Defendant's Motion [#89] is **DENIED**.

DATED: October 29, 2018

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge