**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:17-cv-02530-CMA-KLM

KAABOOWORKS SERVICES, LLC,

    Plaintiff,

v.

BRIAN PILSL,

    Defendant.

---

**ORDER ON PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

---

THIS MATTER comes before the Court on Plaintiff KAABOOWorks Services, LLC's ("KAABOO") Motion for a Preliminary Injunction against Defendant Brian Pilsl ("Defendant") (Doc. #79). Having considered the Motion, briefs, and all exhibits included therein, the Court finds there is good cause for the relief requested and hereby orders that the Motion for Preliminary Injunction against Defendant be GRANTED.

The Court ORDERS as follows:

(a) Defendant is ordered to deliver KAABOO's confidential information and trade secrets, whether in a digital or tangible form, in Defendant's possession, custody, and/or control to Craig Bernard of Cyopsis, within seven days, with a signed representation that Defendant, and his previous attorney, did not alter, destroy, remove, copy, or retain any document, file or information on each device used by Defendant during his business relationship with KAABOO;

(b) Defendant is ordered to submit all devices used by Defendant during or after his business relationship with KAABOO that may contain KAABOO's trade secret information for a computer forensic examination, to be conducted by Craig Bernard of Cyopsis. This includes, but is not limited to, Defendant's laptop computer, removable storage devices, external hard drives, portable electronic tables, and mobile phones (and any subsequent mobile phone that was backed-up or synced to any previous mobile phone or that shares/shared the same phone number used by Defendant while employed by KAABOO or that was used to access any KAABOO email address or the brianpilsl@gmail.com email address). After the creation of a forensic mirror image and in cooperation with Defendant, KAABOO, with the assistance of Mr. Bernard, is permitted to remove any and all proprietary, confidential, and trade secrets information contained on any such device, as those terms are defined under the law and in the employee handbook. Mr. Bernard shall take all necessary steps to protect any personal, confidential, or proprietary information and trade secrets belonging to Defendant from disclosure to KAABOO;

(c) For all electronic devices destroyed or not in Defendant's possession, Defendant is ordered to submit a sworn explanation for the method used to dispose of the device, a list and copies of all electronically stored information retained, saved, or otherwise transmitted from that device to another, and a list of all individuals and entities that have had or still have access to the device; and

(d) Defendant is ordered not to use, disclose, or misappropriate or in any manner use KAABOO's trade secrets and confidential information.

Pursuant to Fed. R. Civ. P. 65(c), KAABOO shall give security in the amount of $5,000.00 by depositing those monies into the registry of the Court or by obtaining a validly issued bond.

This preliminary injunction shall remain in effect until the conclusion of trial.

DATED: November 1, 2018

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge