UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO

2018 NOV 14 AM 10:41

JEFFREY P. COLWELL
CLERK

BY_____DEP. CLK

Civil Action No. 1:17-cv-02530-CMA-KLM

KAABOOWORKS SERVICES, LLC
        Plaintiff

v.

BRIAN PILSL
        Defendant

## DEFENDANT'S MOTION TO RECONSIDER JUDGE'S ORDER ON PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

Pursuant to Federal Rule of Civil Procedure 60(b)(6), I hereby request that part (b) of District Judge Christine M. Arguello's Order on Plaintiff's Motion for Preliminary Injunction (Doc. 95) ordering me to submit personal electronic devices to Craig Bernard of Cyopsis for forensic examination be vacated.

According to Federal Rule 26(a)(1)(A) - a party must, without awaiting a discovery request, provide to the other parties (i) the name of each individual likely to have discoverable information, along with the subjects of that information, that the disclosing party may use to support its claims, and (ii) a copy, or a description by category and location, of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims.

Additionally, Federal Rule 26(a)(1)(C) states that a party must make the initial disclosures at or within 14 days after the parties' Rule 26(f) conference which was conducted on February 16, 2018.

The Plaintiff has provided a Google Drive Audit Report Summary that was conducted on October 27, 2017 by Craig Bernard of Cyopsis to be used as support for its claims. In contrast to the requirements of Rule 26 as detailed above, neither the identity of Craig Bernard from Cyopsis nor the existence of the Google Drive Audit Report Summary was initially disclosed as was required.

It is also important to note that in Doc. 87, Magistrate Judge Kristen L. Mix denied the Plaintiff's Motion seeking extension of Scheduling Order Deadlines saying in part, "…the record actually demonstrates a complete disregard for the Scheduling Order, not only ignoring Court-imposed deadlines, but not seeking extensions of those deadlines until long after they passed."

The Plaintiff is improperly using their Motion for Preliminary Injunction as an extension of the Scheduling Order and discovery deadlines. The Plaintiff had the Google Drive Audit Report Summary on October 27, 2017 and knew they would use it to support their claims. The Plaintiff did not engage in discovery, did not conduct depositions and did not did not formally bring any purported discovery disputes to the attention of the Court. Federal Rule 37(c)(1) makes it clear that a party is not permitted to use evidence at trial, at a hearing, or in a motion that was not disclosed initially as required.

Separately, but of additional importance, Federal Courts have established a set of accepted computer and electronic device inspection procedures. See *Playboy Enterprises, Inc. v. Welles*, No. 3:98-cv-00413-K-JFS (S.D. California), *Northwest Airlines, Inc. v. Local 2000 International Brotherhood of Teamsters, AFL-CIO, et al*, No. 0:00-cv-00008-DWF-AJB (D. Minnesota), and *Simon Property Group, L.P. v. MySimon, Inc.*, No. IP 99-1195-C (S.D. Indiana). The procedure ordered by the court in each case was:

(a) The parties shall agree on a neutral, third-party expert, who will actually carry out the inspection

(b) The parties shall agree on the scope of the inspection, including target devices, targeted data collections, targeted date ranges, search terms or other scope-defining criteria

(c) The parties shall agree on the form of the eventual production

(d) The expert creates a "mirror image" of the devices using accepted forensic procedures that preserve the integrity of the original evidence

(e) The expert executes the search on the "mirror image" and identifies relevant data according to the agreed-upon specifications

(f) The expert turns over responsive data to the respondent's counsel

(g) The respondent reviews the responsive data for relevance and privilege

(h) The respondent produces the relevant, non-privileged data to the requesting party in the form agreed upon by the parties

The Plaintiff admitted that Craig Bernard of Cyopsis received compensation for performing forensic analysis of electronic devices and/or electronic data in at least three separate litigations in which KAABOO is the Plaintiff. Further, Craig Bernard, as a witness during the hearing for preliminary injunction was ambiguous when answering under cross examination as to whether or not he had performed additional forensic work for the Plaintiff. Because of this, there is no possible way that Craig Bernard and Cyopsis can be considered a neutral third-party.

Forgetting the fact that the Plaintiff did not disclose its evidence as required by Rule 26, an order for me to turn over my personal electronic devices to Craig Bernard of Cyopsis would most certainly provide the Plaintiff access to information that is protected by attorney-client

privilege, information that is protected for trial preparation and my personal information that is protected from unconstitutional invasions of privacy. There simply is no justification for an order to turn over my personal electronic devices for examination when there are less invasive ways to provide information. There is also no justification to set aside the set of accepted computer and electronic device inspection procedures established by Federal Courts.

Federal Rule 26(b)(2)(C) states the court must limit the frequency or extent of discovery if it determines that (i) the discovery sought is unreasonably cumulative or can be obtained from some other source. The Plaintiff has already shown that it has obtained its evidence without the need to inspect my personal devices. Any additional inspection of my personal devices would only lead to show that at some point in time, I had downloaded the files during the course of my work for KAABOO. This fact has already been established by way of their Google Drive Audit Summary. Therefore, there is no need for this duplicative effort.

Federal Rule 26(b)(2)(C) states also states that the court must limit the frequency or extent of discovery if it determines that (ii) the party seeking discovery had ample opportunity to obtain the information by discovery in the action. Obviously, the Plaintiff had its evidence prior to the Scheduling Conference on February 16, 2018, prior to the close of discovery on June 15, 2018 and prior to filing its Motion to Amend the Scheduling Order (Doc. 71) on August 1, 2018 and its subsequent Reply (Doc. 75) filed on September 4, 2018. The Plaintiff has had more than ample time and opportunity to seek an inspection of my personal electronic devices during the discovery process and beyond.

Finally, as has been requested by the Plaintiff on multiple occasions, I have destroyed all KAABOO trade secret and confidential information and do not have any KAABOO trade secret

or confidential information in my possession or control. The Plaintiff has asked me to do this and it was done long ago.

For the reasons set forth above, I respectfully request that this Court set aside part (b) of Doc. 95, District Judge Arguello's Order for me to submit personal electronic devices to Craig Bernard of Cyopsis.

Dated: November 14, 2018

    **Respectfully Submitted,**
    **Brian Pilsl Defendant, pro se**

 

                                                _/s/ Brian Pilsl_
                                                Brian Pilsl

# CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of November, 2018, the foregoing DEFENDANT'S MOTION TO RECONSIDER JUDGE'S ORDER ON PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION was filed with the Clerk of the Court, United States District Court, District of Colorado and a copy mailed to the individual listed below:

Jon Olafson
Lewis Brisbois
1700 Lincoln Street
Suite 4000
Denver, Colorado 80203

By: _____

Defendant, pro se