IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 17-cv-02530-CMA-KLM

KAABOOWORKS SERVICES, LLC,

    Plaintiff,

v.

BRIAN PILSL,

    Defendant.

---

**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION**
_____

    This matter is before the Court on Defendant Brian Pilsl's Motion to Reconsider Judge's Order on Plaintiff's Motion for Preliminary Injunction. (Doc. # 98.) Defendant argues that this Court should reconsider its order requiring Defendant to "submit all devices used by Defendant during or after his business relationship with [Plaintiff] that may contain [Plaintiff's] trade secret information for a computer forensic examination, to be conducted by Craig Bernard of Cyopsis." (Doc. # 95 at 2.) For the reasons set forth below, Defendant's motion is denied.

    The Federal Rules of Civil Procedure do not explicitly authorize a motion for reconsideration. However, the Rules allow a litigant who was subject to an adverse judgment to file a motion to change the judgment pursuant to Rule 59(e) or a motion seeking relief from the judgment pursuant to Rule 60(b). *Van Skiver v. United States*,

952 F.2d 1241, 1243 (10th Cir. 1991). The grounds warranting reconsideration are limited and occur only in "exceptional situation[s]." *Proctor & Gamble v. Haugen*, 222 F.3d 1262, 1271 (10th Cir. 2000). "Absent extraordinary circumstances . . . the basis for the second motion must not have been available at the time the first motion was filed." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Grounds warranting a motion to reconsider include "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Id.* "Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Id.* A motion for reconsideration is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing. *See Van Skiver*, 952 F.2d at 1243.

Defendant fails to allege an "exceptional situation," *see Proctor & Gamble*, 222 F.3d at 1271, warranting reconsideration. Defendant does not argue "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, [or] (3) the need to correct clear error or prevent manifest injustice." *See Servants of the Paraclete*, 204 F.3d at 1012. Defendant merely reprises arguments the Court previously rejected, namely: that Defendant should not have to submit his personal electronic devices because he claims that he is not in possession of Plaintiff's proprietary information; that it is not justifiable to require Defendant to submit his devices for inspection under the circumstances; and that Craig Bernard of Cyopsis is not sufficiently neutral to conduct the examination of Defendant's devices. *See* (Doc. # 86 at 2, 7); (Doc. # 94). Because

2

Plaintiff revisits issues already addressed (Doc. # 94), the Court will not reconsider them in the instant motion. See *Van Skiver*, 952 F.2d at 1243.

However, Defendant does raise an argument that the Court has not previously addressed. Specifically, Defendant claims that Plaintiff is using the injunction in order to violate Fed. R. Civ. P. Rule 26 disclosure requirements. (Doc. # 98 at 1.) This argument misconstrues the purpose of the preliminary injunction. In granting the injunction, the Court found that it is likely that Defendant's electronic devices contain Plaintiff's proprietary information. (Doc. # 95.) Thus, the injunction requires Defendant to return property that is wrongly in Defendant's possession, and the Court tailored the injunction to protect Defendant's privacy by prohibiting disclosure of information that does not belong to Plaintiff. (*Id.* at 2.) As such, Rule 26 discovery requirements are inapplicable. Moreover, Defendant could have raised this argument earlier, and manifest injustice would not result from Defendant returning Plaintiff's proprietary information.

For the foregoing reasons, it is ORDERED that Defendant's Motion to Reconsider Judge's Order on Plaintiff's Motion for Preliminary Injunction (Doc. # 98) is DENIED.

DATED: November 19, 2018

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge