IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-02530-CMA-KLM

KAABOOWORKS SERVICES, LLC,

    Plaintiff,

v.

BRIAN PILSL,

    Defendant.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____
**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Motion to Strike, or in the Alternative Dismiss, Counter-Complaint** [#110][1] (the "Motion"). Defendant filed a Response [#112] in opposition to the Motion [#110], and Plaintiff filed a Reply [#117]. The Motion has been referred to the undersigned for recommendation pursuant to 28 U.S.C. § 636(b) and D.C.COLO.LCivR 72.1(c). *See* [#111]. The Court has reviewed the Motion, Response, Reply, the entire case file, and the applicable law, and is sufficiently advised in the premises. For the reasons set forth below, to the extent Plaintiff seeks dismissal of Defendant's counterclaims, the Court **RECOMMENDS** that the Motion [#110] be **DENIED in part and GRANTED in part**. The Court is concurrently issuing a separate Order regarding the portion of the Motion [#110] seeking to strike the counterclaims pursuant to

---

[1] "[#110]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Recommendation.

-1-

Fed. R. Civ. P. 12(f), 15(a), and 16(b).

## I. Background

Plaintiff is a Delaware limited liability company with its principal place of business in Colorado. *See* [#109] ¶ 3. Plaintiff is a live-music and entertainment company that organizes high-end music and adult cultural festivals in California with plans to expand geographically. *Am. Compl.* [#88] ¶ 15. Defendant served as Plaintiff's Senior Vice President of Business Development from October 1, 2015, until October 10, 2017. *Id.* ¶ 2. Plaintiff has asserted three claims against Defendant. *Id.* ¶¶ 37-65. First, Plaintiff asserts a claim for violation of the Colorado Trade Secrets Act. *Id.* ¶¶ 37-51. Second, Plaintiff asserts a claim for violation of the Defend Trade Secrets Act. *Id.* ¶¶ 52-61. Finally, Plaintiff asserts that Defendant converted its property. *Id.* ¶¶ 62-65. On January 8, 2019, Defendant filed an Answer, Counterclaim[s], and Demand for Jury on Counterclaim[s] [#109] asserting four counterclaims: (1) breach of contract, (2) quantum meruit, (3) fraud in the inducement, and (4) bad faith pursuant to Colo. Rev. Stat. § 7–74–105. *See* [#109] at 13-18, ¶¶ 9-43. The precise allegations underlying the claims are generally immaterial to resolution of the present Motion [#110], which, in relevant part, seeks dismissal of all counterclaims on the basis of subject matter jurisdiction and of the bad faith counterclaim for failure to state a claim.

## II. Standards of Review

### A. Federal Rule of Civil Procedure 12(b)(1)

The purpose of a motion to dismiss pursuant to Rule 12(b)(1) is to test whether the Court has jurisdiction to properly hear the case before it. Because "federal courts are

courts of limited jurisdiction," the Court must have a statutory basis to exercise its jurisdiction. *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002); Fed. R. Civ. P. 12(b)(1). Statutes conferring subject-matter jurisdiction on federal courts are to be strictly construed. *F & S Const. Co. v. Jensen*, 337 F.2d 160, 161 (10th Cir. 1964). "The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction." *Id.* (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).

A motion to dismiss pursuant to Rule 12(b)(1) may take two forms: facial attack or factual attack. *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995). When reviewing a facial attack on a complaint, the Court accepts the allegations of the complaint as true. *Id.* By contrast, when reviewing a factual attack on a complaint, the Court "may not presume the truthfulness of the complaint's factual allegations." *Id.* at 1003. With a factual attack, the moving party challenges the facts upon which subject-matter jurisdiction depends. *Id.* The Court therefore must make its own findings of fact. *Id.* In order to make its findings regarding disputed jurisdictional facts, the Court "has wide ranging discretion to allow affidavits, other documents, and a limited evidentiary hearing." *Id.* (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990); *Wheeler v. Hurdman*, 825 F.2d 257, 259 n.5 (10th Cir. 1987)). The Court's reliance on "evidence outside the pleadings" to make findings concerning purely jurisdictional facts does not convert a motion to dismiss pursuant to Rule 12(b)(1) into a motion for summary judgment pursuant to Rule 56. *Id.*

**B.     Federal Rule of Civil Procedure 12(b)(6)**

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test "the sufficiency of the allegations within the four corners of the complaint after taking those

allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994); Fed. R. Civ. P. 12(b)(6) (stating that a complaint may be dismissed for "failure to state a claim upon which relief can be granted"). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Sutton v. Utah State Sch. for the Deaf & Blind,* 173 F.3d 1226, 1236 (10th Cir. 1999) (citation omitted). To withstand a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain enough allegations of fact 'to state a claim to relief that is plausible on its face.'" *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Bell Atlantic Co. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) ("The complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support the plaintiff's allegations." (quoting *Twombly*, 550 U.S. at 570)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id.* (brackets in original; internal quotation marks omitted).

To survive a motion to dismiss pursuant to Rule 12(b)(6), the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Christy Sports, LLC v. Deer Valley Resort Co.*, 555 F.3d 1188, 1191 (10th Cir. 2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of

misconduct," a factual allegation has been stated, "but it has not show[n][ ]that the pleader is entitled to relief," as required by Fed. R. Civ. P. 8(a). *Iqbal*, 552 U.S. at 679 (second brackets added; citation and internal quotation marks omitted).

### III. Analysis

**A.     Fed. R. Civ. P. 12(b)(1)**

Plaintiff briefly raises the issue of jurisdiction, albeit with minimal analysis and no legal citation, which the Court construes pursuant to Fed. R. Civ. P. 12(b)(1). *Motion* [#110] at 12. Plaintiff states:

> It is also unclear if the Court has original jurisdiction over the counter-claims, as none of them are federal claims, and there is no suggestion, aside from conclusory allegations, that the amount in controversy related to Defendant's alleged damages is over $75,000. KAABOO maintains that Defendant has not satisfied this jurisdictional burden.

*Id.* In the Response, Defendant states:

> Further, Plaintiff KAABOO speculates that Defendant Pilsl may not have satisfied his jurisdictional burden. Again, Plaintiff KAABOO fails to explain what rule it would be relying on or why Defendant Pilsl has not satisfied the jurisdictional burden. In his counterclaim, Defendant Pilsl clearly alleges damages in excess of $75,000, which includes $60,000 in lost compensation from 2016, over $120,000 in lost compensation from 2017, and the market value of his phantom equity interest which is currently unknown. Based on the alleged success of KAABOO's platform, Defendant Pilsl expects that the value could be significant.

[#112] at 11. Plaintiff does not revisit the issue in its Reply except to state: "A defendant may bring a counter-claim in a pending action, and assert any and all claims that he or she has against the plaintiff, subject to restrictions contained in the Federal Rules and the limits of the federal court's jurisdiction." [#117] at 6 (citing Fed. R. Civ. P. 13). These statements by the parties are the entirety of the discussion regarding jurisdiction. The Court observes

that the briefing by both sides is woefully inadequate, with not a single citation to legal authority other than one general citation to Rule 13.

There are two types of counterclaims: permissive and compulsory. Plaintiff argues that Defendant's counterclaims "are clearly the permissive type and not compulsory," and so the Court begins there. *Reply* [#117] at 6. Fed. R. Civ. P. 13(b) provides with respect to permissive counterclaims: "A pleading may state as a counterclaim against an opposing party any claim that is not compulsory." However, unlike with compulsory counterclaims, "permissive counterclaim[s] must be supported by independent jurisdiction." *N.L.R.B. ex rel. Int'l Union of Elec., Radio & Mach. Workers, AFL-CIO-CLC v. Dutch Boy, Inc., Glow Lite Division*, 606 F.2d 929, 932 (10th Cir. 1979).

Defendant asserts diversity jurisdiction pursuant to 28 U.S.C. § 1332. *See* [#109] at 12 ¶ 5. First, the parties are alleged to be diverse, as Defendant is a citizen of Arizona and Plaintiff is a Delaware limited liability company. *Id.* at 11-12 ¶¶ 2-3; *see also Am. Compl.* [#88] at 3 ¶¶ 7-8 (starting that Plaintiff is a Delaware limited liability company and that Defendant is a citizen of Florida). Second, Defendant alleges more than $75,000 in damages. *See* [#109] at 14 ¶ 25 ("As a result of Plaintiff's contractual breaches, Defendant has suffered damages in excess of $75,000 and in an amount to be proven at trial."), 15 ¶ 27 (stating a loss of $60,000 in 2016 and $120,000 in 2017 in connection with the quantum meruit claim). Thus, because Defendant has sufficiently alleged diversity jurisdiction with respect to his counterclaims, the Court need not determine whether the claims are compulsory, which would fall "within the court's supplemental jurisdiction and do[ ] not need independent jurisdiction." *United States v. Questar Gas Mgmt. Co.*, No. 2:08CV167DAK, 2010 WL 2813779, at *1 (D. Utah July 16, 2010).

Accordingly, the Court **recommends** that the Motion [#110] be **denied** to the extent it is asserted pursuant to Fed. R. Civ. P. 12(b)(1).

**B.     Fed. R. Civ. P. 12(b)(6)**

Plaintiff seeks to dismiss Defendant's fourth counterclaim based on a failure to state a claim. *Motion* [#110] at 13-16; *Reply* [#117] at 9-11.  Counterclaim IV asserts a bad faith claim pursuant to Colo. Rev. Stat. § 7–74–105.  *See* [#109] at 17-18 ¶¶ 38-42.  This statute provides: "If a claim of misappropriation is made in bad faith, a motion to terminate an injunction is made or resisted in bad faith, or willful and malicious misappropriation exists, the court may award reasonable attorney fees to the prevailing party."  In other words, the statute "authorizes an award of a reasonable attorney fee against a party who makes a claim of misappropriation in bad faith."  *Hertz v. Luzenac Am., Inc.*, No. 04-cv-01961-LTB-CBS, 2007 WL 135614, at *1 (D. Colo. Jan. 16, 2007).  Defendant points to Plaintiff's first claim of violation of the Colorado Trade Secrets Act, Colo. Rev. Stat. § 7-74-101, as the "claim of misappropriation" required under the statute.  *See* [#109] at 17 ¶ 38; *Am. Compl.* [#88] ¶¶ 37-51.

The Court first addresses Plaintiff's argument that "pursuant to the plain language [of the statute], section 7–74–105 is merely a fee-shifting provision . . . and does not provide a separate cause of action to a party defending against" a claim for misappropriation of trade secrets under Colorado law.  *Motion* [#110] at 14.  In *Christou v. Beatport, LLC*, No. 10-cv-02912-RBJ-KMT, 2014 WL 1293296 (D. Colo. Mar. 31, 2014), the defendants filed a post-jury trial motion for attorney's fees pursuant to Colo. Rev. Stat. § 7–74–105.  The presiding judge made the determination of whether the claim for misappropriation of trade secrets was asserted in bad faith.  *Christou*, 2014 WL 1293296,

at *6.  Similarly, at the beginning of the lawsuit, the presiding judge determined as part of a motion to dismiss the claim for misappropriation of trade secrets that bad faith had not been demonstrated and that attorney's fees pursuant to Colo. Rev. Stat. § 7-74-105 were not warranted.  A review of the electronic docket for the case shows that no counterclaim was ever asserted under the statute in the case.

The Court has researched, but has not found, any case in which Colo. Rev. Stat. § 7–74–105 has been explicitly asserted as a claim or counterclaim, although it has been, on rare occasion, mentioned in pleadings.  *See, e.g.*, *MAGicAll, Inc. v. Advanced Energy Indus., Inc.*, No. 17-cv-02582-RBJ, 2018 WL 3619720, at *6 (D. Colo. July 30, 2018) (*see Am. Compl.* [#16] ¶¶ 144, 163 (mentioning Colo. Rev. Stat. § 7–74–105 but not asserting it as a separate claim); *Bankers Life & Cas. Co. v. Laycock*, No. 18-cv-00459-RM, 2018 WL 1046789, at *5 (D. Colo. Feb. 26, 2018); *Bolsa Res., Inc. v. Martin Res., Inc.*, No. 11-cv-01293, 2014 WL 4882132, at *14 (D. Colo. Aug. 28, 2014) (*see Am. Compl.* [#44] ¶ 150 (mentioning Colo. Rev. Stat. § 7–74–105 but not asserting it as a separate claim); *Cartell Asset Mgmt. v. Ocwen Fin. Corp.*, No. 01-cv-01644-REB-CBS, 2012 WL 967699 (D. Colo. Mar. 20, 2012); *Tax Servs. of Am., Inc. v. Mitchell*, No. 07-cv-00249-REB-KLM, at *1 (D. Colo. Feb. 24, 2009); *M.D. Mark, Inc. v. Kerr-McGee Corp.*, 565 F.3d 753, 768 (10th Cir. 2009) (*aff'g M.D. Mark, Inc. v. Kerr-McGee Corp.*, No. 01-cv-00413-JLK (D. Colo. Jan. 18, 2008)); *Hertz*, 2007 WL 135614, at *1.  The Court has found no other authority, and Defendant has provided none, demonstrating that a fee-shifting statute such as Colo. Rev. Stat. § 7–74–105 must, or even should, be pled as a claim/counterclaim.

Accordingly, the Court **recommends** that Defendant's Counterclaim IV ("Bad Faith

Pursuant to C.R.S. § 7–74–105") be **dismissed with prejudice**.[2]  *See Reynoldson v. Shillinger*, 907 F.2d 124, 127 (10th Cir. 1990) (stating that prejudice should attach to a dismissal when the party has not made allegations "which, upon further investigation and development, could raise substantial issues").

### IV. Conclusion

For the foregoing reasons,

IT IS HEREBY **RECOMMENDED** that the Motion [#110] be **DENIED in part and GRANTED in part**. The Court **recommends** the Motion [#110] be **denied** to the extent Plaintiff seeks dismissal of the counterclaims under Fed. R. Civ. P. 12(b)(1). The Court **recommends** that the Motion [#110] be **granted** to the extent Plaintiff seeks dismissal of Counterclaim IV under Fed. R. Civ. P. 12(b)(6).

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73

---

[2] The Court emphasizes that this recommendation is not intended to prevent Defendant from asserting a motion or obtaining relief pursuant to Colo. Rev. Stat. § 7–74–105 at an appropriate time in this lawsuit.

F.3d 1057, 1060 (10th Cir. 1996).

Dated: May 3, 2019

BY THE COURT:

*/s/ Kristen L. Mix*

Kristen L. Mix
United States Magistrate Judge